UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 18-cv-23186-MARTINEZ-OTAZO-REYES

ANDRES GOMEZ,

    Plaintiff,

v.

SPEEDWAY LLC, a Delaware Limited
Liability Company,

    Defendant.

_____/

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 13, by and between the following parties: Plaintiff, ANDRES GOMEZ ("Plaintiff"); and Defendant, SPEEDWAY LLC ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties," or individually as a "Party," for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 ("ADA"), and its implementing regulations, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any private entity that owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Plaintiff filed this lawsuit in the United States District Court for the Southern District of Florida (the "Action"). Plaintiff alleged that Defendant's website at https://

www.speedway.com (the "Website") is not fully accessible to individuals with visual impairment disabilities who use screen-reading technology in violation of the ADA.

4. Defendant previously entered into a consent decree in an action alleging the Website violated the ADA. *See* Consent Decree (filed March 29, 2018) and Order Approving Consent Decree (entered May 3, 2018) in *Price v. Speedway LLC*, Case No. 6:17-cv-2184-Orl-40KRS (M.D. Fla.) (the "*Price* consent decree"). In the *Price* consent decree, Defendant agreed to ensure the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website by (a) placing a "Notice of Accessibility" on the Website, providing contact information for disabled individuals with questions, concerns, or difficulties using the Website, and (b) ensuring the Website conforms by the end of 2022 to the World Wide Web Consortium's Web Content Accessibility Guidelines, version 2, level A ("WCAG 2.0 A"). The *Price* consent decree did not require third-party content on the Website to conform to WCAG 2.0 A. Defendant did not admit any liability in the *Price* consent decree.

5. In this Action, Plaintiff does not allege that Defendant is in violation of the *Price* consent decree. Plaintiff alleges that, notwithstanding the *Price* consent decree and Defendant's compliance with its requirements, the Website still violates the ADA. According to Plaintiff, the Website, including third-party content, must conform to the World Wide Web Consortium's Web Content Accessibility Guidelines, version 2, level AA ("WCAG 2.0 AA") to be fully accessible to individuals with visual impairment disabilities who use screen-reading technology.

6. Defendant has denied and continues to deny (a) that the ADA applies to the websites in general and to its Website in particular, (b) that accessibility barriers previously

existed or currently exist on the Website and (c) that remediation of the Website is required under the ADA. Defendant specifically denies Plaintiff's allegations in the Action. By entry into this Consent Decree, Defendant does not admit liability for any of the allegations in the Action and does not admit any wrongdoing for purposes of this Action, for any other action or proceeding, or with respect to any barrier it has not acknowledged.

7. This Consent Decree and the Parties' contemporaneously-executed Settlement Agreement and Release ("Settlement Agreement") are entered into as a compromise between the Parties and completely and fully resolve, settle, and compromise all issues between the Parties in the Action.

8. This Consent Decree is entered into by the Plaintiff, individually, as well as Defendant.

9. This Consent Decree is consistent with and does not violate the *Price* consent decree. Conforming the Website to WCAG 2.0 AA (as required herein) would also ensure that the Website conforms to WCAG 2.0 A (as required in the *Price* consent decree).

## JURISDICTION

10. This Court has jurisdiction over this Action under 28 U.S.C. § 1331. The Parties agree that, for purposes of the Action and this Consent Decree, venue is appropriate in this Court.

## AGREED RESOLUTION

11. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation and without admission of any liability. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

3

12. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

13. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

14. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty, or impact on Defendant's operations could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the subject Website - as though Defendant's website-related operations is a standalone business entity - or which could result in a fundamental alteration in the manner in which Defendant operates the Website or the primary functions related thereto, or which could result in a loss of revenue from the Website.

15. The term "including" shall mean "including but not limited to."

## TERM

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for forty-eight (48) months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

17. Pursuant to the terms of, and as otherwise set forth in this Consent Decree, Defendant shall continue to use Reasonable Efforts to provide persons with a visual disability (as defined under the ADA), including the Plaintiff, an equal opportunity to

participate in or benefit from the goods, services, privileges, advantages, or accommodations provided through the Website by updating the Website according to the terms herein.

## WEBSITE ACCESSIBILITY EFFORTS

18. Defendant shall use Reasonable Efforts to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements:

    a. Defendant shall use Reasonable Efforts to continue to have the "Notice of Accessibility" on the Website, as required by the *Price* consent decree, which provides a method for customers to contact Defendant regarding accessibility questions relating to the Website. Defendant shall use Reasonable Efforts to ensure the "Notice of Accessibility" is continuously maintained on the Website.

    b. Within twenty-four (24) months of the Effective Date, the Defendant shall use Reasonable Efforts to ensure or continue to ensure that the Website and its content (including third-party content) substantially conform to WCAG 2.0 AA. Once the Website is brought up to this standard, Defendant shall also use Reasonable Efforts to maintain the Website in a manner so that it continues to conform to the standard set forth in this Paragraph.

    c. The requirements set forth in subpart b of this Paragraph regarding conformance of the Website to the WCAG 2.0 AA standard shall not apply if either of the following events occurs:

        i. Plaintiff or an intended third-party beneficiary of this Consent Decree establishes, through citation to appropriate authority, that WCAG 2.0 AA is no longer the generally-accepted industry standard for ADA-website accessibility and that

there exists a new generally-accepted industry standard for ADA-website accessibility. In such an event, Defendant shall use Reasonable Efforts to ensure that the Website conforms to that new standard within a reasonable period of time, not to exceed six (6) months, after Plaintiff or an intended third-party beneficiary has established that it is the new generally-accepted industry standard.

          ii.    The Supreme Court of the United States, the United States Court of Appeals for the Eleventh Circuit, or the United States Department of Justice determine, at any point, that conformance with WCAG 2.0 AA is not required by the ADA, that requiring conformance with that standard is unconstitutional or unlawful, and/or that a lesser or different standard governs ADA-website accessibility. If the Supreme Court, Eleventh Circuit, or DOJ determine that a lesser or different standard applies, that standard shall govern ADA accessibility issues with respect to the Website, and Defendant shall use Reasonable Efforts to ensure that the Website conforms to that standard within a reasonable period of time, not to exceed six (6) months.

## SPECIFIC RELIEF TO PARTIES

19.    The Plaintiff and the Defendant have agreed to settle all matters relating to litigation costs, attorneys' fees, experts' fees, and other financial matters of either Party relating to any alleged inaccessibility of the Website through a separate, contemporaneously-executed Settlement Agreement, which shall not be part of this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

20.    The Court shall have the continuing jurisdiction to interpret and enforce this Consent Decree during its term. The procedures set forth in Paragraphs 20 through 27 must be exhausted in the event that: (i) Plaintiff alleges that Defendant has failed to meet its

obligations pursuant to this Consent Decree; (ii) an intended third-party beneficiary of this Consent Decree alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree;; or (iii) Defendant alleges that there is a criteria of the ADA or the applicable ADA-website accessibility standard with which it cannot substantially comply. There will be no breach of this Consent Decree by the Defendant or right to bring a cause of action against the Defendant or to seek relief from the Court in connection with such allegations until the following procedures have been exhausted.

21. If Plaintiff or an intended third-party beneficiary of this Consent Decree believes that Defendant has not complied in all material respects with any provision of the Consent Decree, Plaintiff or that intended third-party beneficiary shall provide Defendant with written notice of the alleged non-compliance. If Defendant believes there is a criteria of this Consent Decree with which it cannot substantially comply, Defendant shall provide Plaintiff with written notice of the alleged inability to substantially comply. All notifications must be prompt (within thirty (30) days of learning the information that forms the basis for the belief expressed in the written notice), include reasonable detail about the alleged non-compliance or inability to substantially comply, and shall be made in the manner set forth in Paragraph 27.

22. Within thirty (30) days of receiving written notice as described in Paragraph 21, the receiving Party shall respond in writing to the notice. Within fifteen (15) days of receipt of the written response, there shall be a meeting by telephone, or in person, in an attempt to informally resolve the issue described in the written notice.

23. If the issue described in the written notice remains unresolved more than fifteen (15) days after the meeting referenced in Paragraph 22, the parties that sent and responded to the written notice will each have an additional thirty (30) days to select an expert

and the two experts will mutually select an independent accessibility expert (with substantial experience applicable to the specific alleged barrier). The independent accessibility expert will evaluate the issue described in the written notice, including consideration of the written notice and response thereto and any other information supplied by the parties or their experts, and provide the parties with a written determination concerning Defendant's compliance and/or ability to comply. Each party involved in the process described in this Paragraph shall be responsible for (a) his/her/its own expert costs and fees and (b) half of the reasonable costs and fees of the independent accessibility expert.

24. Defendant shall not be in breach of this Consent Decree unless: (a) the independent accessibility expert determines, as a result of the issue described in the written notice, that Defendant is able to substantially comply but is nevertheless not in material compliance with the Consent Decree; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days after receiving the independent accessibility expert's determination of non-compliance. If the independent accessibility expert believes that a reasonable time using Reasonable Efforts to remedy the issue is longer than sixty (60) days, then the Parties may agree on a longer time period for Defendant's remediation without leave of Court (so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel). If the independent accessibility expert determines that an issue cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that issue.

25. Plaintiff or an intended third-party beneficiary may seek relief from the Court concerning alleged non-compliance with this Consent Decree only if Defendant fails to timely remedy an issue that the independent accessibility expert determines Defendant is able

to remedy and should remedy within an established timeframe. There shall be no finding of breach of this Consent Decree unless the Court determines that the Website is not accessible by a person with a visual disability who has average screen reader competency using a prominent commercially available screen reader (such as JAWS, Voiceover, or NDVA) in combination with one of the following browsers (in currently-supported versions): Internet Explorer; Firefox; Safari; and Chrome.

26. Any of the time periods set forth in Paragraphs 21 through 24 may be reasonably extended by mutual agreement of the Parties for a period of up to 30 days.

27. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by certified United States first class mail or a recognized overnight courier service, with a copy sent by email, addressed as follows:

| | |
|---|---|
| For Plaintiff: | Mr. Anthony J. Perez, Esq.<br>GARCIA-MENOCAL & PEREZ, P.L.<br>4937 S.W. 74th Court, No. 3<br>Miami, FL 33155<br>E-mail: ajperez@lawgmp.com |
| For Defendant: | Mr. Daniel B. Rogers, Esq.<br>SHOOK, HARDY & BACON LLP<br>201 South Biscayne Blvd., Suite 3200<br>Miami, FL 33131<br>Email: drogers@shb.com |

**MODIFICATION**

28. Except as expressly provided herein, no modification of this Consent Decree shall be effective unless in writing, signed by authorized representatives of all Parties, and approved by the Court.

## ENFORCEMENT AND OTHER PROVISIONS

29. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

30. This Consent Decree contains the entire agreement of the Plaintiff and Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

31. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

32. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of Defendant (as defined above), the Releasees in the Settlement Agreement (as defined therein), as well as all persons, including Plaintiff, who establish that they have a visual disability, as defined by the ADA, that makes them unable to access information on the Website without commercially-available assistive technologies, which disabled persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

33. Plaintiff and Defendant agree that, as of the Effective Date, further litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves any Party of any other obligations imposed by this Consent Decree.

34. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree.

35. In the event Defendant no longer has any ownership, leasehold, or property interest in the Website, or if the Website is closed by Defendant or no longer operates, all obligations and responsibilities of Defendant, as set forth herein, shall cease upon the sale, transfer, closure, or cease in operation of the Website.

## CONSENT DECREE HAS BEEN READ

36. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel, and did in fact consult with their counsel, prior to executing the Consent Decree.

**ANDRES GOMEZ**

Dated: 10/22/2019

*[signature: Andres Gomez]*

**SPEEDWAY, LLC**

Dated: _____

(Signature)
By: _____
Its: _____

11

33. Plaintiff and Defendant agree that, as of the Effective Date, further litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves any Party of any other obligations imposed by this Consent Decree.

34. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree.

35. In the event Defendant no longer has any ownership, leasehold, or property interest in the Website, or if the Website is closed by Defendant or no longer operates, all obligations and responsibilities of Defendant, as set forth herein, shall cease upon the sale, transfer, closure, or cease in operation of the Website.

## CONSENT DECREE HAS BEEN READ

36. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel, and did in fact consult with their counsel, prior to executing the Consent Decree.

ANDRES GOMEZ

Dated: _____          _____

SPEEDWAY, LLC

Dated: ___10/23/19___          _____
(Signature)
By: _Timothy L. Rupp_
Its: _SR VP Marketing_

11

APPROVED AS TO FORM AND CONTENT:

**PLAINTIFF'S COUNSEL**

Dated: 10/23/2019

By: _____
Anthony J. Perez, Esq.
GARCIA-MENOCAL & PEREZ, P.L.
4937 S.W. 74th Court, No. 3
Miami, FL 33155
E-mail: ajperez@lawgmp.com

**DEFENDANT'S COUNSEL**

Dated: 10/24/19

By: _____
Daniel B. Rogers, Esq.
SHOOK, HARDY & BACON LLP
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Email: drogers@shb.com

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, finds as follows:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. § 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint. Res judicata and collateral estoppel shall apply to each and every such claim, matter, and issue so that the Plaintiff is barred from again litigating such claims, matters, and issues.

NOW THEREFORE, the Court approves the Consent Decree and, in doing so, specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at Miami, Florida this 13 day of November 2019.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Cc: Counsel of record via CM/ECF